NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO VELASQUEZ, | No. 12-16845 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00433-LKK-CKD |
| v. | |
| CHASE HOME FINANCE LLC; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted December 9, 2014**

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Rodolfo Velasquez appeals pro se from the district court's judgment

dismissing his action arising from foreclosure proceedings and defendants' alleged

failure to process his loan modification applications.   We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).   Accordingly, we deny Velasquez's request for oral argument set forth in his opening brief.

28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Velasquez's wrongful foreclosure claim arising under the Home Affordable Modification Program ("HAMP") because Velasquez failed to state a cognizable claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also* 12 U.S.C. § 5219a (providing guidelines for HAMP, a federal program whereby the United States government privately contracts with banks to provide incentives to enter into residential mortgage modifications); *Astra USA, Inc. v. Santa Clara County*, 131 S. Ct. 1342, 1347 (2011) (private right of action for violating a federal action rests on congressional intent to provide a private remedy; parties that incidentally benefit from a government contract may not enforce the contract absent an intent to the contrary).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Velasquez's motions, filed on September 12, 2013, February 12, 2014, and May 5, 2014, are denied.

**AFFIRMED.**